Per Curiam.

Relators appeal to our court by permission, seeking review of orders of the Appellate Division, Second Department, entered January 4, 1973, dismissing their several petitions for writs of habeas corpus.
Each of the appellants is a pretrial detainee as a result of an indictment handed up by the Kings County Grand Jury. Each has been detained in custody for more than six months solely in consequence of inability to make bail. Each has sought unsuccessfully in Kings County Supreme Court and later in the Appellate Division to be released on his own recognizance under the authority of the so-called “ready trial” rule found in CPL 30.30. In each ease the District Attorney reports that he is presently ready for trial and indeed was ready for trial within the 90-day or six-month period prescribed by the statute.[1] The Appellate Division concluded in effect that failure in each case to afford a prompt trial was attributable to calendar congestion and lack of adequate court facilities. It held that this predica *501 ment constituted “ exceptional circumstances ” within the meaning of subdivision 4 (par. [g]) of the CPL 30.30, thus deferring the application of the sanction of dismissal set forth in the statute. The relevant facts in each case are set out in the accompanying table.
Defendant
Date of Arrest
Date of Preliminary Hearing
Date of indictment
Date of Arraignment
Bail Set
Charge
Abney....
5/26/72
5/31/72
7/12/72
7/19/72
$25,000
Burglary, first degree; petit larceny; attempted murder; attempted assault, first degree; unlawful possession of weapons and dangerous instruments as a felony.
Edwards..
6/15/72
6/23/72
7/21/72
8/3/72
$7,500 reduced to $3,000
Robbery, first degree ;robbery in the second degree (2 counts); grand larceny, third degree; assault, second degree (2 counts).
Boone....
6/24/72
6/30/72
7/14/72
7/31/72
$7,500
Burglary, first degree; petit larceny; grand larceny, third degree; assault, second and third degrees; unlawful imprisonment, first degree.
Franklin..
6/7/72
6/7/72
7/5/72
7/26/72
$2,500 increased to $5,000
Robbery, first degree (2 counts); robbery, second degree (2 counts); grand larceny, third degree (2 counts).
We have been urged to interpret the clause in the statute, “ where the people are not ready for trial ” as intended to refer not alone to the District Attorney, but more broadly to the State of New York. Under the interpretation pressed on us the fact (which we think we can properly assume on the record before us) that the District Attorney has been and is ready for trial in each of these cases, would not satisfy the requirements of the statute. The statute, we are told, should be read as demanding not only that prosecutor be ready but that court facilities also be available. In substance, we are invited by interpretation to read CPL 30.30 as containing the substance of the rule promul *502 gated by the Administrative Board of the Judicial Conference on April 30,1971 (the so-called “ prompt trial ” rule).[2]
This we cannot do. Not only would such a construction do violence to the language of CPL 30.30; it would evidently fly in the face of the clear intention of the Legislature which in passing chapter 184 of the Laws of 1972 not only adopted the present language of CPL 30.30 but additionally and explicitly provided that it “ shall be deemed to supersede any rule of the Administrative Board ’ ’.[3] The context of public discussion which attended the passage of the amendment confirms this conclusion.
Accordingly, on the records before us we cannot say that the appellants have established the prerequisites entitling them to the relief which they seek under CPL 30.30.[4]
But the matter does not end there. As we noted in January, 1971, in People v. Ganci (27 N Y 2d 418), quite aside from any statutory provision, cases such as those now before us present questions as to possible delay unreasonably depriving the appellants of their constitutional right to a prompt trial. (Cf. People v. Purdy, 29 N Y 2d 800; People v. Minicone, 28 N Y 2d 279.) In none of the eases now before us can the delays be attributed to the failure of either the prosecutor or the defendant to be ready for trial. The cause is indeed calendar congestion and lack of court facilities.
We recognize that the four cases now before us are typical of the vast pretrial felony backlogs in the County of Kings and perhaps to a lesser degree in other metropolitan counties. Much could be written and many statistics could be quoted, but little would be added to the factual descriptions elsewhere available of the overburden in these courts. Suffice it here to observe that the situation appears to be growing worse rather than better. The backlog in Kings County has increased 60% since June, 1972. [5]
*503 We are aware, too, of the concern publicly expressed by both the executive and legislative branches of city and State government. We know of the study and recommendations of the Temporary Commission on the State Court System (1972). We are not unmindful of the activities of bar associations and other civic groups in contributing constructively to the solution of the problem. Least of all would we overlook the efforts of prosecutors, legal aid societies, public defenders and the judiciary (including the Administrative Board of the Judicial Conference) to resolve the problems which increasingly have been brought under control in many areas of our State but which continue to be most difficult and intractable in the Supreme Court in the metropolitan counties.
Notwithstanding our acknowledgment of these efforts and general acceptance of the fact that the solution lies in the increased availability of additional personnel and expanded physical facilities, we are confronted with a constitutional mandate to adjudicate the rights of individuals charged with criminal offenses. This responsibility cannot be discharged lightly, nor with concern exclusively for the position of the individual appellants, for ours is the responsibility, too, to take full account of -the broader but no less vital interests of society at large. (Barker v. Wingo, 407 U. S. 514.)
In this context it is our conclusion, that in none of the cases now before us has there so far been such a delay as to constitute a denial of the contitutionally protected right to a prompt trial. We are, however, hereby ordering that each of the cases now before us be granted such a trial preference as to assure that trial will be commenced within three months from the date hereof or within such extension thereof as may be granted by the Kings County Supreme Court on showing of justifiable excuse on the part of either the District Attorney or the defendant arising subsequent to the date hereof and unrelated to congested calendars or lack of court facilities.
It may be urged that the disposition we make in the cases now before us is unfair to other detainees similarly situated in Kings County. We would only note that it does not appear that all or any of such other detainees actually desire to go to trial. Additionally, petitions for writs of habeas corpus in other cases will undoubtedly be considered both in the lower courts aiid in *504 our qourt in the light though not in mechanical duplication of our decision today. The ultimate remedy must be provision by the appropriate branches of government of the material and personal resources required to handle a court burden increased and increasing because of higher crime rates, enlarged police activity, and, most of all, greater urbanization of our population. Nothing less will avoid eventual impalement on the dilemma between a general jail delivery and the violation of constitutionally protected human rights.
The order's appealed from should be modified and the matters remitted to the Appellate Division with the direction that each be remanded in turn to the Supreme Court, Kings County, for the purpose of that court taking and retaining jurisdiction of these proceedings pending trial or other disposition.

. CPL 30.30, as amended by L. 1972, ch. 184, effective April 28, 1972.

. 22 NYCRR 29.1 — 29.7.

. L. 1972, ch. 184, § 5.

. In our view of the proper interpretation of GPL 30;30, we are not required to reach nor do we now reach the question whether calendar congestion or lack of court facilities constitute “exceptional circumstances” within the meaning of subdivision 4 (par. [g]) of CPL 30.39.

. Report to the New York State Bar Association by its Special Committee on the Administration of Criminal Justice (Jan. 23, 1973), p. 6.