OPINION OF THE COURT
Jones, J.
Inasmuch as CPL 30.30 accords a defendant the right to dismissal of his indictment "where the people are not ready for trial” within the period prescribed by the statute rather than according him a legislatively created right to a speedy trial, court congestion does not excuse the People’s failure to be ready for trial or defeat defendant’s entitlement to a dismissal under CPL 30.30.
Defendant was arrested on New Year’s Day, 1975 and indicted the following February 13 on two counts of driving while intoxicated as a felony (Vehicle and Traffic Law, § 1192, subds 2 and 5, and subds 3 and 5). He was arraigned on February 26, 1975 by Suffolk County Court and released on his own recognizance. The case appeared on the County Court Calendar on March 27 and again on April 3. On the latter date, apparently with defendant’s consent, it was transferred to a "ready reserve” calendar and remained there until January 20, 1976 when it was transferred to Supreme Court, Suffolk County. It next appeared on the calendar of that court on February 19, 1976.
On March 3, 1976 defendant moved for dismissal of his indictment under CPL 30.30 (statutory ready trial rule) and CPL 30.20 (constitutional right to speedy trial). The prosecutor submitted no papers in opposition to the motion. On March 19, 1976 the court obtained and introduced into the record factual and statistical data with reference to the trial of criminal cases in Suffolk County Court. Based on that data and on his own personal knowledge of the Trial Calendar situation in that court, the hearing Judge found that the "sheer weight of numbers” of cases (including those involving incarcerated defendants charged with class A, B and C felonies) coupled with the limited availability of judicial personnel constituted, with respect to defendant who was charged with a class E felony and was not incarcerated, "exceptional circumstances” within the meaning of CPL 30.30 (subd 4, par [g]) and denied the motion to dismiss on both branches. Thereafter on April 23, 1976 defendant pleaded guilty to the first count of the indictment (Vehicle and Traffic Law, § 1192, subds 2, 5), and sentence was imposed. On appeal the Appellate Division *416 affirmed, the judgment of conviction. We now reverse, vacate the conviction and dismiss the indictment.
On the CPL 30.30 branch of the appeal we note that, although on oral argument of the motion to dismiss the prosecutor asserted that he had been ready for trial as early as April 3, 1975, there was submitted to the hearing court no record proof of any contemporaneous communication of his readiness within the standard enunciated in People v Hamilton (46 NY2d 932, 933); the oral assurance on argument of the motion was insufficient. Accordingly, it must be taken that the prosecutor did not establish that he was "ready for trial”. Thus, the disposition of this branch of the appeal turns on whether the delay in being ready may be excused under CPL 30.30 by the factual determination (for which there is ample support in the record) that trial of the case was prevented by court congestion which extended over the period between April 3, 1975 and January 20, 1976. It is the People’s contention that the trial delay due to this congestion constituted a delay "occasioned by exceptional circumstances” within CPL 30.30 (subd 4, par [g]) and that the duration thereof should accordingly be excluded from the period within which the People were required to be ready for trial.
In the first case to reach our court after the enactment of CPL 30.30 we took care to note the very great difference between the right of a defendant to a dismissal because of the failure of the People to be ready for trial in accordance with the mandate of that section and the right of a defendant to dismissal on the ground that he had been denied his constitutional right to a speedy trial (People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498). In that case, confronted with proof of calendar congestion and lack of adequate court facilities, we wrote with respect to the statutory provision:
"We have been urged to interpret the clause in the statute, 'where the people are not ready for trial’ as intended to refer not alone to the District Attorney, but more broadly to the State of New York. Under the interpretation pressed on us the fact (which we think we can properly assume on the record before us) that the District Attorney has been and is ready for trial in each of these cases, would not satisfy the requirements of the statute. The statute, we are told, should be read as demanding not only that prosecutor be ready but that court facilities also be available. In substance, we are *417 invited by interpretation to read CPL 30.30 as containing the substance of the rule promulgated by the Administrative Board of the Judicial Conference on April 30, 1971 (the so-called 'prompt trial’ rule).
"This we cannot do. Not only would such a construction do violence to the language of CPL 30.30; it would evidently fly in the face of the clear intention of the Legislature which in passing chapter 184 of the Laws of 1972 not only adopted the present language of CPL 30.30 but additionally and explicitly provided that it 'shall be deemed to supersede any rule of the Administrative Board’. The context of public discussion which attended the passage of the amendment confirms this conclusion.
"Accordingly, on the records before us we cannot say that the appellants have established the prerequisites entitling them to the relief which they seek under CPL 30.30.” (31 NY2d 498, 501-502.)
Thus, we held that once the District Attorney had effectively announced his readiness for trial the operational effect of CPL 30.30 was exhausted. If the defendant’s trial were thereafter delayed on account of court congestion, he would not be entitled to dismissal under CPL 30.30. His only remedy would lie by way of proof that he had been denied his constitutional right to a speedy trial.
In reaching our decision in Franklin we explicitly left open "the question whether calendar congestion or lack of court facilities constitute 'exceptional circumstances’ within the meaning of subdivision 4 (par. [g]) of CPL 30.30” (p 502, n 4). That question is now presented for resolution. Although the words "speedy trial” appear in the title to CPL 30.30 and the section is often referred to as expressing a statutory right to a speedy trial, in both form and intention it articulates only the right of a defendant to a dismissal "where the people are not ready for trial”.* Following the analysis in Franklin we are now obliged to conclude that court congestion before the District Attorney is ready for trial, as in the present case, is irrelevant and thus cannot excuse the District Attorney’s failure to be ready. While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial. Nor does it do to point *418 out that, in the face of known court congestion, it makes little practical sense to require the District Attorney to expend the effort (largely useless for any other purpose) just to enable him conscientiously to report to the court that he is ready for trial. Any futility on that account stems from the form in which the statute was enacted — expressing a command that the People must be ready for trial rather than that the defendant must be granted a trial within the prescribed period. This, however, inhered in the design of the Legislature in departing from the prompt trial rule of the Administrative Board of the Judicial Conference which had given rise to and was expressly superseded by CPL 30.30.
We therefore conclude that, inasmuch as the District Attorney did not demonstrate that he was ready for trial prior to March 19, 1976, over a year after the indictment, it was error to deny defendant’s motion to dismiss under CPL 30.30.
It remains to make a further comment on this branch of defendant’s appeal. Inasmuch as a defendant’s right to a CPL 30.30 dismissal has its origin solely in legislative enactment which is in no way expressive of or dependent on any constitutional right to speedy trial, it may be that a subsequent plea of guilty, even if conditionally expressed (short possibly of a court sanctioned agreement for preservation), should be held to have operated as a waiver of the statutory entitlement to dismissal. (Cf. People v Dodson, 48 NY2d 36, in which we drew a somewhat similar distinction, holding that a defendant’s plea waived his statutory previous prosecution claim but not his constitutional double jeopardy claim.) No such contention has been raised by the People in the present case, however, and accordingly this defendant has been afforded no opportunity to respond. For these reasons it would be inappropriate to base our disposition in this case on any such ground. (Cf. People v Lomax, 50 NY2d 351.)
Finally, it should be observed that in view of our resolution of this appeal in defendant’s favor under CPL 30.30, there is no occasion to consider his related claim that he was denied his constitutional right to speedy trial.
For the reasons stated, the order of the Appellate Division should be reversed, defendant’s conviction vacated and the indictment dismissed.

 See similar analysis of this section by Judge Denzer (Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, 1979-1980 Supp, p 52).