◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered July 30, 1985, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 6, 1984, at about 8:30 P.M., the defendant Michael Cole, along with codefendants Barney Gadson and Ralph Bell, confronted Adum Bawuah on a street in Brooklyn as he stepped out of his parked car. The three men forced Bawuah back into the car, held what seemed to be a gun to the back of his neck, and took a ring, a watch, and $200 in cash from him. Approximately 40 minutes after the robbery, while riding through the neighborhood in a police car, Bawuah identified the defendant and his two companions as the ones who had robbed him, despite the fact that in the interim all three had changed their clothes.

On appeal, the defendant contends that his speedy trial motion was improperly denied. Counsel was present when the People declared their readiness on the record in July and August 1984, well within the statutory period, and there is no indication in the record that these announcements were anything but bona fide *(see, People v Jones,* 105 AD2d 179, *affd* 66

NY2d 529). In any event, the time chargeable to the People was less than six months prior to the case proceeding to trial. Therefore, the defendant's contention that the People failed to sustain their burden of proof in opposition to his speedy trial motion is entirely without merit.

In view of the overwhelming evidence of the defendant's guilt, the prosecutor's single incautious remark in summation was harmless error (see, People v Crimmins, 36 NY2d 230).

We find no merit to the defendant's remaining contention (see, Richardson v Marsh, 481 US 200, 95 L Ed 2d 176; People v Gadson, 134 AD2d 366, lv denied 71 NY2d 896). Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.