*61 OPINION OF THE COURT
Titone, J.
This appeal requires us to revisit the problem of applying CPL 30.30’s strictures to "postreadiness” delays occasioned by the actions, or inaction, of the People. In the leading case, People v Anderson (66 NY2d 529), we held that once the People have declared their readiness on the record, their subsequent delays in producing Rosario material and complying with certain other discovery obligations do not ordinarily render the indictment subject to dismissal under CPL 30.30, since delays of this nature do not affect the People’s readiness to proceed to trial and, in any event, there exist other statutory sanctions for such delays. Applying the same analysis for "postreadiness” delays that we used in Anderson, we now conclude that a different result must ensue when, without justification or excuse, the People delay in producing Grand Jury minutes required for judicial resolution of the defendant’s pretrial CPL 210.30 motion.
Defendant was charged with several felony assault counts for having allegedly participated in a melee that left one man permanently brain damaged and three other individuals with serious injuries. The action against him was commenced with the filing of an accusatory instrument on March 17, 1985. Defendant was arraigned on an indictment some 74 days later on June 5, 1985, and the People declared their readiness for trial on June 26, 1985. By August 1, 1985, defendant had made an omnibus motion, which included a request for inspection and dismissal of the indictment for evidentiary insuffi *62 ciency (see, CPL 210.30), and the People had filed a written response. The People did not, however, simultaneously make a complete set of the Grand Jury minutes available for the court’s inspection.
Between August 1 and December 17, 1985, the parties appeared at various calendar calls, and the People continued to answer "ready” subject to some minor difficulties, which were resolved by "charging” the People with a total of 16 days’ delay. On the latter date, the court, which had still not received the Grand Jury minutes, advised the prosecutor that it would "charge” every ensuing day to the People until those minutes were filed. On January 3, 1986, the People produced the minutes, enabling the court to decide defendant’s CPL 210.30 motion. Following the denial of that motion, defendant moved to dismiss the indictment, arguing that, when coupled with the earlier delays chargeable to the People, the People’s failure to produce the Grand Jury minutes during the 155-day period between August 1, 1985 and January 3, 1986 violated their obligation under CPL 30.30 to be ready for trial within the statutorily prescribed period.
Based upon the evidence adduced at a hearing on the motion, the trial court determined that the minutes in question had been transcribed and delivered to the District Attorney’s file room on June 25, 1985, but were not retrieved until December 2, 1985 and were not actually delivered to the court until a full month later. Finding this delay to have been occasioned solely by the negligence of the District Attorney’s office, the court nonetheless concluded that the entire delay period was not cognizable under CPL 30.30 because, in its view, the People’s ability to proceed to trial was "in no way affected.” In support of its ruling, the court relied heavily on our then-recent decision in People v Anderson (66 NY2d 529, supra).
Following the denial of defendant’s CPL 30.30 motion, defendant was tried and convicted of the charged counts. The Appellate Division affirmed the judgment of conviction. We now reverse.
CPL 30.30 (1) (a) requires the People to be ready for trial within six months of the commencement of a criminal action in which a felony is charged. CPL 30.30 (4) lists the periods which are to be excluded from the computation of the time within which the People are required to be ready, and CPL 30.30 (3) (b) relieves the People of the consequences of unreadi *63 ness where they "were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance”.
Despite the apparent straightforwardness of the statutory scheme, the statute has spawned a multitude of legal questions, which we have attempted to resolve on a case-by-case basis. In a series of cases beginning with People ex rel. Franklin v Warden (31 NY2d 498), this court has considered the requirements of CPL 30.30 and has consistently construed it in light of its language and its legislative history, both of which conclusively demonstrate that this so-called "speedy trial” statute was intended only to address delays occasioned by prosecutorial inaction (e.g., People v Sinistaj, 67 NY2d 236, 239; People v Anderson, supra, at 535; People v Worley, 66 NY2d 523, 527; People v Brothers, 50 NY2d 413, 416-417; see, e.g., People v Giordano, 56 NY2d 524; People v Hamilton, 46 NY2d 932).
Thus, in People ex rel. Franklin v Warden (supra), the court held that CPL 30.30 may not be invoked when the People are ready to proceed within the applicable time period and trial is delayed due to court congestion (see also, People v Giordano, supra). As a corollary to the holding in Franklin, the court held in People v Brothers (supra, at 417) that, absent exceptional circumstances, the People cannot rely on court congestion as a defense to an otherwise valid CPL 30.30 claim, since the key to compliance with the statute is prosecutorial readiness and court congestion "in no sense * * * operate[s] to prevent the District Attorney from being ready”. Turning to the problem of what constitutes "readiness” in People v Kendzia (64 NY2d 331, 337), this court held that two elements must be satisfied: "First, there must be a communication of readiness by the People which appears on the trial court’s record. * * * [Second,] the prosecutor must make his statement of readiness when the People are in fact ready to proceed.” (See also, People v Hamilton, supra.) Finally, in People v Anderson (supra), we took our first close look at the problem of prosecutorial delays occurring after the statement of readiness and set forth a series of rules to govern in the application of CPL 30.30 (3) (b).
The specific aspect of Anderson that concerns us here is its statement that an unexcused "postreadiness” delay by the prosecution should not result in dismissal "if the failure, although it affected defendant’s ability to proceed with trial, *64 had no bearing on the People’s readiness, or if a lesser corrective action, such as preclusion or continuance, would have been available had the People’s postreadiness default occurred during trial.” (66 NY2d, at 534, supra.) Applying this principle to the facts in four of the five appeals before it, the Anderson court held that prosecutorial delays in producing Rosario material and other discovery items were not cognizable under CPL 30.30 (3) (b), because there were other specific statutory sanctions available under CPL article 240. Further, in People v Alicea (66 NY2d 529), which involved a prosecutorial delay in producing the drugs for analysis by the defendant’s expert, the court noted that "although [that delay] may have affected defendant’s ability to proceed with trial, [it] had no bearing on the People’s readiness.” (People v Alicea, 66 NY2d, at 543, supra.) In contrast, in People v Jones (66 NY2d 529), the court indicated that an unexcused, postreadiness delay in producing a defendant in the People’s custody could, if sufficiently protracted, result in dismissal under CPL 30.30 (3) (b) (66 NY2d, at 540, supra; see, id., at 537-538).
Applying the Anderson principles to the facts in this case, we conclude that the People’s concededly negligent failure to provide the Grand Jury minutes for five months after their statement of readiness was made mandates dismissal of the indictment under CPL 30.30. In contrast to the discovery delays considered in Anderson, the People’s omission did not merely impair defendant’s ability to proceed to trial. Rather, because the trial could simply not go forward until the CPL 210.30 motion was decided, the People’s dilatory conduct in failing to provide the minutes necessary to that decision was a direct, and virtually insurmountable, impediment to the trial’s very commencement (cf., People v Allen, 66 NY2d 529, 542 [dismissal not required under CPL 30.30, in part because undelivered Rosario material "was not due until after the jury had been sworn”]). As such, the prosecutorial failure here must be deemed to be one having a direct bearing on the People’s readiness, since the People can hardly claim to be "ready” when they have not done all that is required of them to bring the case to the point where it may be tried. Indeed, the failure at issue in this case is directly analogous to the People’s unexcused failure to produce a defendant in their custody for trial, since in both situations it is the People’s dereliction that is preventing the defendant’s trial from going forward. Just as the latter failure was deemed to be a suitable ground for CPL 30.30 dismissal in Jones (66 NY2d, at 538), so *65 too is the negligent failure to produce Grand Jury minutes needed for the disposition of a defendant’s CPL 210.30 motion a ground for dismissal here.*
Furthermore, unlike the alternative remedies such as the preclusion orders, short-term adjournments and continuances considered in Anderson, none of the purported "remedies” that the People cite here are suitable alternatives to a CPL 30.30 dismissal. The People’s suggestion that defendant could have moved to have his bail exonerated so that he would be freed pending disposition of his case is unpersuasive, since such a "remedy” is, at best, irrelevant to CPL 30.30’s primary goal of encouraging the movement of cases to trial. Similarly, the People’s suggestion that defendant should have requested to have his case removed from the calendar until the Grand Jury minutes were produced is unacceptable, because it would, in effect, reward the People for their own dilatory conduct by relieving them of even the minimal pressure of having to report on the case’s progress at periodic calendar calls.
For the same reasons, the People’s contention, repeated throughout their brief and during the oral argument, that the dilemma could have been resolved if defendant had simply been willing to withdraw his CPL 210.30 motion is untenable. It cannot seriously be maintained that a defendant’s statutory right to prosecutorial readiness may be conditioned upon a waiver of his statutory right to test the sufficiency of the evidence before the Grand Jury. Moreover, the People cannot be permitted to avoid the consequences of their own negligence by placing the onus on a defendant who is merely exercising the rights that the Legislature intended him to have. Finally, we reject the People’s contention that a motion to hold the prosecutor in contempt is a suitable alternative sanction. Indeed, if the People’s argument were upheld, CPL 30.30 would effectively be superseded, at least with respect to postreadiness delays, since the same argument could be ap *66 plied in virtually every case involving protracted and unexcused prosecutorial delay.
Accordingly, the People’s five-month failure to provide the Grand Jury minutes in response to defendant’s CPL 210.30 dismissal motion is a delay that should be counted against them in determining whether their obligation under CPL 30.30 has been satisfied. When added to the prereadiness periods of delay that the People acknowledge may be attributed to them, this five-month period of postreadiness delay places the People well over the mandatory time limit for prosecutorial readiness (see, People v Anderson, supra, at 536-537 [holding that the People may "tack” any unexpired prereadiness days onto the postreadiness period]). Thus, the indictment against defendant should have been dismissed.
Accordingly, the order of the Appellate Division should be reversed and the indictment against defendant McKenna dismissed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

 To the extent that the People suggest that their CPL 30.30 "readiness” should be evaluated from the narrow perspective of their preparedness to present their own case, their argument must be rejected as a gross overreading of the Anderson decision. Indeed, the argument cannot be sustained in light of the court’s conclusion in Jones that a postreadiness delay in producing the defendant is cognizable under CPL 30.30 (3) (b), since the defendant’s presence is not an element of the People’s direct case but rather is a constitutionally and statutorily mandated condition precedent to the commencement of trial.