THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER HARRIS, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On appeal from his conviction of assault in the first degree, defendant's primary contention is that he was deprived of his statutory right to a speedy trial as a result of the People's postreadiness delay in providing the court with the Grand Jury minutes. The prosecution commenced on June 16, 1990. After numerous adjournments, all chargeable to the People, defendant was indicted on November 13, 1990. After a 14-day adjournment chargeable to defendant, defendant was arraigned on the indictment on November 27, 1990, at which time the People declared their readiness for trial. Defendant filed an omnibus motion on January 23, 1991. Among other relief, defendant requested a dismissal or reduction of the indictment on the ground of insufficiency; the court was asked to inspect the Grand Jury minutes pursuant to CPL 210.30. The People failed to respond to defendant's omnibus motion, including his motion to inspect, until March 28, 1991, 64 days later. On April 18, 1991, defendant moved to dismiss the indictment pursuant to CPL 30.30. According to defendant's motion papers, the court still had not ruled on defendant's motion to inspect the Grand Jury minutes. The record indicates that the court did not have those minutes as of April 8, 1991, when it specifically requested them.

Defendant was deprived of his statutory right to a speedy trial as a result of postreadiness delay, to wit, the People's

delay in providing the court with the Grand Jury minutes *(People v McKenna,* 76 NY2d 59, 63-64). "[T]he People's omission did not merely impair defendant's ability to proceed to trial. Rather, because the trial could simply not go forward until the CPL 210.30 motion was decided, the People's dilatory conduct in failing to provide the minutes necessary to that decision was a direct, and virtually insurmountable, impediment to the trial's very commencement" *(People v McKenna, supra,* at 64). Further, there is no alternative remedy to dismissal *(People v McKenna, supra,* at 65). Thus, the People's postreadiness delay in turning over the Grand Jury minutes for the court's inspection "should be counted against them in determining whether their obligation under CPL 30.30 has been satisfied" *(People v McKenna, supra,* at 66).

Here, at least two months, 16 days elapsed between defendant's filing of his motion to inspect and the People's furnishing of the Grand Jury minutes to the court. Allowing the People a reasonable period for responding to defendant's motion, say, 36 days *(see, People v Rodriguez,* 132 Misc 2d 1044 [Crim Ct, NY County]; *see also, People v Irons,* 137 Misc 2d 871 [14 days]; *People v Fischer,* 132 Misc 2d 258 [19 days]; *People v Ellis,* 123 Misc 2d 544 [25 days]), we conclude that the People unjustifiably failed to provide the court with the Grand Jury minutes for at least one month, 10 days. Tacking that chargeable period of postreadiness delay onto the chargeable period or prereadiness delay (four months, 28 days), we conclude that the People were not in fact ready for trial within the required six months *(see, People v McKenna, supra).*

In light of our determination, it is unnecessary to reach defendant's remaining contentions. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 1st Degree.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.