■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CRYSTAL L. ENGLAND, Respondent. [600 NYS2d 320] —Levine, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered April 13, 1993, which granted defendant's motion to dismiss the indictment.

Defendant was arrested on June 24, 1992 on a felony complaint charging her with committing the crime of burglary in the third degree in St. Lawrence County. She was arraigned in a local criminal court and was released under the supervision of the St. Lawrence County Probation Department. On December 24, 1992, a St. Lawrence County Grand Jury handed up to County Court some 23 indictments, among which was one against defendant charging her with the crime for which she had been arrested the previous June and two related crimes. December 24, 1992 concededly was the last day of the statutory six-month period from the commencement of the criminal action against defendant within which the People were required to be ready for trial (CPL 30.30 [1] [a]). The People purportedly satisfied the statutory mandate by filing with County Court on that date a memorandum announcing their readiness for trial in all of the cases in which indictments had just been reported, and mailing notices of the indictments to the attorneys for the respective defendants named therein, including defendant's assigned counsel, advising of the date for arraignment on January 7, 1993 and also advising that the People were ready for trial.

Prior to the date of arraignment, defendant moved to dis-

miss the indictment pursuant to CPL 30.30 on the ground that the People's announcement of readiness for trial on the same date as the reporting of the indictment, at the very end of the statutory period and before defendant had an opportunity to be arraigned, was not sufficient to comply with the readiness requirement of CPL 30.30. County Court agreed, and dismissed the indictment. This appeal followed.

We affirm. In arguing for reversal, the People principally rely on the holding in *People v Correa* (77 NY2d 930, 931) that "[d]elays between indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial" and, therefore, are chargeable against the People in the absence of an earlier announcement of readiness. Accordingly, the People argue here, their announcement of readiness on December 24, 1992, the last day of the six-month period, constituted compliance with CPL 30.30 in accordance with the *Correa* holding. We disagree.

It is indisputable that defendant could not have been brought to trial in this case within the six-month period stipulated in CPL 30.30, which expired on the date of her indictment. That is because defendant could not be tried before she was arraigned and, statutorily, the People could not fulfill their responsibility to arrange for her arraignment *(see, People v Rivera,* 160 AD2d 234) until two days after the filing of the indictment, i.e., December 26, 1992 *(see,* CPL 210.10 [2]). We have previously held that an announcement of readiness under such circumstances is ineffectual *(see, People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650; *see also, People v Battaglia,* 187 AD2d 808, 810). As we stated in *People v Marsh (supra,* at 947), "[t]hat initial answer of readiness does not, however, abrogate defendant's CPL 30.30 rights with respect to postreadiness delay properly chargeable to the People".

Postreadiness delay is not chargeable to the People when prosecutorial laxity merely affects the defendant's ability to proceed to trial, but will be chargeable when such laxity, even if inadvertent, constitutes a direct impediment to commencement of the trial *(see, People v McKenna,* 76 NY2d 59, 64; *People v Anderson,* 66 NY2d 529, 536-538; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 174).

In the instant case, the timing of presenting defendant's case to the Grand Jury was within the control of the People and, thus, the delay in indicting defendant was entirely chargeable to the People *(see, People v Cortes,* 80 NY2d 201,

212). In their papers in opposition to defendant's motion to dismiss, the People failed completely to offer any excuse or explanation for that delay, resulting in the reporting of the indictment on the last day of the period within which the People were required to be capable of bringing defendant to trial under CPL 30.30. Thus, it was the People's unexplained laxity in obtaining an indictment that "was a direct, and virtually insurmountable, impediment to the trial's very commencement" within the statutory period *(People v McKenna, supra,* at 64). Consequently, County Court properly dismissed the indictment.

Weiss, P. J., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed.