84 N.Y.2d 1 (1994)
636 N.E.2d 1387
613 N.Y.S.2d 854
The People of the State of New York, Appellant,
v.
Crystal L. England, Respondent.
Court of Appeals of the State of New York.
Argued May 5, 1994.
Decided June 14, 1994.
Richard V. Manning, District Attorney of St. Lawrence County, Canton, for appellant.
F. Birt Evans, Jr., Canton, for respondent.
Judges BELLACOSA, SMITH and CIPARICK concur with Chief Judge KAYE; Judge TITONE dissents and votes to reverse in a separate opinion in which Judge SIMONS concurs; Judge LEVINE taking no part.
*2 Chief Judge KAYE.
In People v Kendzia (64 N.Y.2d 331, 337), we held that a valid statement of readiness for trial under CPL 30.30 requires a communication of readiness on the record at a time when the People are in fact ready to proceed. On this appeal, *3 we consider the narrow issue whether the People can validly answer ready where, wholly as a result of their own conduct defendant could not be arraigned, and thus trial could not commence, within the statutory time period.
On June 24, 1992, defendant was arrested on a felony complaint charging her with burglary in the third degree. She was arraigned in Oswegatchie Town Court and released under the supervision of the St. Lawrence County Probation Department. On December 24, 1992, a full six months after the filing of the felony complaint, the St. Lawrence County Grand Jury  as it was being discharged, after approximately 2½ months of service  handed up an indictment charging defendant with burglary in the second and third degrees and grand larceny in the third and fourth degrees. That indictment and 23 other indictments returned at the same time were filed that day in St. Lawrence County Court. With the indictments, the People filed notice of readiness for trial and declared readiness in all 24 cases.
On December 30, defendant sought dismissal of the indictment for failure to comply with CPL 30.30 alleging that, by the time of the scheduled arraignment  January 7, 1993  196 days would have elapsed from the commencement of the criminal action. The court found no excludable preindictment periods, and the People claimed no exclusion for the period between indictment and arraignment. County Court granted defendant's motion and dismissed the indictment. The Appellate Division affirmed, noting that the timing of the People's presentation to the Grand Jury was within the control of the People. As stated by the Appellate Division, in opposing defendant's motion to dismiss "the People failed completely to offer any excuse or explanation for that delay, resulting in the reporting of the indictment on the last day of the period within which the People were required to be capable of bringing defendant to trial under CPL 30.30. Thus, it was the People's unexplained laxity in obtaining an indictment that `was a direct, and virtually insurmountable, impediment to the trial's very commencement' within the statutory period (People v McKenna, [76 N.Y.2d 59,] 64)" (195 AD2d 751, 753 [Levine, J.]).
The sole question before us is whether, in the unusual circumstances presented  where, owing entirely to the People's delay, no indictment was handed up for the full six months  the People could prior even to defendant's arraignment *4 genuinely have declared trial readiness. We agree with both County Court and the Appellate Division that the People's announcement of readiness was insufficient to satisfy CPL 30.30, and conclude that the indictment therefore was correctly dismissed.
CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). The statutory period, 183 days in this case, commenced with the filing of the felony complaint on June 24, 1992 (see, People v Sinistaj, 67 N.Y.2d 236, 237), and expired on December 24, 1992. County Court determined that all of that time was chargeable to the People, a holding not questioned on appeal.
There is no dispute that the People made a facially sufficient declaration for the record on December 24, 1992 by serving written notice of readiness upon defense counsel and declaring readiness in open court. Appellant's challenge centers instead on whether the People were presently ready to try this defendant at the time they made the declaration. A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock (see, People v Cole, 73 N.Y.2d 957, 958).
We have on several occasions made clear that readiness is not defined simply by an empty declaration that the People are prepared to present their direct case. Trial readiness in CPL 30.30 means both a communication of readiness by the People on the record and an indication of present readiness (Kendzia, 64 NY2d, at 337). The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried (see, People v McKenna, 76 N.Y.2d 59, 64-65, and n, supra). The People are not presently ready for trial, for example, where they fail to provide Grand Jury minutes necessary for resolution of defendant's motion to dismiss (see, McKenna, 76 NY2d, at 64) or where they fail to produce an incarcerated defendant for trial (see, Cole, 73 NY2d, at 958; People v Jones, 66 N.Y.2d 529, 539-540). Delays caused by court congestion, on the other hand, do not affect the People's readiness (see, People v Smith, 82 N.Y.2d 676, 678; People v Correa, 77 N.Y.2d 930, 931; People v Brothers, 50 N.Y.2d 413, 417; People ex rel. Franklin v Warden, 31 N.Y.2d 498, 501-502).
Defendant could not have been brought to trial before arraignment, the process by which the court acquires jurisdiction *5 over a defendant (CPL 1.20 [9]). That is an elemental prerequisite to trial readiness. Here, the undisturbed factual finding is that the long delay was directly attributable not to defendant or court congestion, but to the People's laxity in securing an indictment that provided a jurisdictional basis for the court to act at all. With arraignment within the statutory period impossible (see, CPL 210.10 [2]), the People's statement of readiness for trial on December 24, 1992 was meaningless (see, Cole, 73 NY2d, at 958). In the circumstances, the People could not validly declare readiness until January 7, 1993 at defendant's arraignment, entitling defendant to dismissal of the indictment. As the Appellate Division noted, "[p]ostreadiness delay is not chargeable to the People when prosecutorial laxity merely affects the defendant's ability to proceed to trial, but will be chargeable when such laxity, even if inadvertent, constitutes a direct impediment to commencement of the trial (see, People v McKenna, [76 NY2d, at 64]; People v Anderson, 66 N.Y.2d 529, 536-538; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 174)" (195 AD2d 751, 752, supra).
The nub of our disagreement with the dissent is a simple one, amply supported by our case law: that the statement "ready for trial" contemplates more than merely mouthing those words. Where the trial court and Appellate Division have found the relevant period to be entirely chargeable to the unexplained laxity of the People, the announcement of trial readiness before defendant was even brought before the court can only be an empty declaration, insufficient to satisfy CPL 30.30.
Accordingly, the order of the Appellate Division should be affirmed.
TITONE, J. (dissenting).
Before the decision in this case, the People had a full six months from the filing of the first accusatory instrument (plus any excused period of delay) to prepare a felony case and declare themselves "ready" to proceed to trial. Further, under our existing decisional law, the obligation to become "ready" consisted of no more than obtaining and filing an indictment and making a record statement of present readiness (see, People v Kendzia, 64 N.Y.2d 331; People v Colon, 59 N.Y.2d 921; People v Sturgis, 38 N.Y.2d 625). While the People were free to do whatever else they deemed necessary to prepare their case for trial, the case law construing CPL 30.30 neither "looked behind" a record *6 readiness statement nor imposed obligations unrelated to either the preparation of the People's case or the fulfillment of the People's statutory duties (see, People v McKenna, 76 N.Y.2d 59; People v Giordano, 56 N.Y.2d 524). Now, the majority turns the case law, as well as the purpose of the statute, on its head by ruling that CPL 30.30 requires the People not only to file an indictment, ready their case and declare readiness within the statutory period but also to take those steps in time to assure that the defendant can theoretically be arraigned within that period. Under the holding of this case, the People will no longer have the full six months provided by CPL 30.30 to become ready if they choose to file their indictment as the last step in the preparation of their case. Inasmuch as that conclusion has no support in the statutory language, the case law or the legislative history, I dissent.
Like the majority, I begin with the premise that the proper inquiry under CPL 30.30 is whether the People have "done all that is required of them to bring the case to the point where it may be tried" (People v McKenna, 76 N.Y.2d 59, 64, supra [emphasis supplied]; see, People v Cole, 73 N.Y.2d 957, 958; People v Brothers, 50 N.Y.2d 413, 417). However, it does not follow from that truism that the People are obliged to do everything they can to assure that other nonprosecutorial procedures necessary to trying the defendant may be accomplished within the time allotted by the statute.
It is by now commonplace to observe that in adopting CPL 30.30, the Legislature eschewed a rule that would have required the accomplishment of particular pretrial procedures within specified time periods and instead embraced a rule that demands only that the essential prosecutorial functions be completed by a designated deadline (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 167-168). By holding in this case that the People's completion of those functions within the requisite 183 days was not sufficient because the defendant could not also have been arraigned within that period, the majority has, in effect, taken a giant step toward doing what the Court refused to do in People ex rel. Franklin v Warden (31 N.Y.2d 498, 501-502), i.e., reading CPL 30.30 as though it contained the substance of the Administrative Board's so-called "prompt trial" rule, which the Legislature resoundingly rejected.
The majority's assertion that the People's readiness declaration was insufficient to satisfy CPL 30.30 here is susceptible of *7 two distinct interpretations. On the one hand, the majority writing could be construed as holding that, as an element of their pretrial readiness obligations, the People must ensure that the defendant is arraigned as well as indicted before the expiration of the CPL 30.30 period so as to secure a jurisdictional predicate for trial (cf., People v Colon, supra; People v Sturgis, supra). On the other hand, the majority's opinion could be read as holding that the People's otherwise valid readiness declaration was vitiated because their choice to file an indictment on the very last day of their readiness period "`constitute[d] a direct impediment to commencement of the trial'" (majority opn, at 5, quoting 195 AD2d 751, 752). In either event, the analysis is insupportable.
To the extent that the majority adopts the Appellate Division's view that ensuring a prompt arraignment is part of the People's readiness obligation (see, 195 AD2d, at 752), its holding is inconsistent with both the statute and the relevant case law. Under CPL 210.10 (2), the very statute on which the majority relies, it is the duty of the court, not the prosecutor, to set an arraignment date and arrange for an at-liberty defendant to be notified. Additionally, we have already held that delays attributable to the need to arraign the defendant do not prevent the People from becoming ready (People v Cortes, 80 N.Y.2d 201, 213; People v Correa, 77 N.Y.2d 930). From this holding it is readily inferable that ensuring the arraignment of the defendant is not one of the tasks the prosecution must perform before it can validly declare its readiness (see, People v Giordano, 56 N.Y.2d 524; cf., People v Brothers, 50 N.Y.2d 413). Just as the court's inability to arraign the defendant does not prevent the People from becoming ready within the prescribed period, so too does that inability not prevent the People from making a valid and legitimate declaration of readiness once they have filed an indictment. Indeed, as we stated in People v Giordano (supra, at 525 [emphasis supplied]), once the People announce their readiness on the record, they have satisfied their obligation under CPL 30.30, and "[w]hatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute."[1]
*8 Moreover, contrary to the majority's repeated assertions, there was nothing "empty" or "illusory" about a readiness declaration made under these circumstances. The People declared themselves ready at a time when there was a jurisdictionally sufficient accusatory instrument filed and, accordingly, they could have proceeded to trial if all of the other, court-related conditions precedent to trial had been satisfied (cf., People v Colon, supra; People v Sturgis, supra). The fact that there was an additional impediment to the court's acquisition of jurisdiction  i.e., the need to conduct an arraignment  is irrelevant to the legitimacy of the People's readiness declaration, since, as previously noted, the responsibility for that aspect of jurisdiction-acquiring process rests with the court, not the prosecution.
To the extent that the majority's holding rests on the premise that the People were "dilatory" in their case preparation and that their laxity delayed the proceeding, the analysis is equally flawed. First, the People were not "lax" or "dilatory," at least insofar as CPL 30.30's dictates are concerned, since they performed all of the tasks they were required to perform within the prescribed 183 days. To be sure, the People waited until the last day of the 183-day period to perform the final act of filing an indictment. However, up until the decision in this case, there was no apparent rule of law forbidding the People from using the full extent of their CPL 30.30 time or, alternatively, requiring them to perform in any particular order the various tasks collectively constituting the prosecutor's duty. Thus, although the majority is apparently distressed about the People's choice not to file their indictment at some earlier point in their readiness period, there is really no basis for attaching pejorative labels such as "dilatory" or "illusory" to the People's conduct here.
Second, the delay which concerns the majority  the hiatus between the prosecutor's readiness statement and arraignment *9  was necessitated not by any action or inaction on the People's part, but rather by a mandate of the Legislature that imposes a duty on the courts to give the accused advance notice of an upcoming arraignment. This case is thus clearly distinguishable from People v McKenna (supra), in which it was the People's negligent failure to procure Grand Jury minutes for some five months that prevented the proceedings on the defendant's CPL 210.30 motion from going forward. Here, unlike in McKenna, the People did what was required of them during the 183 days they were given and were, at worst, indirectly responsible for foreclosing the theoretical possibility of an arraignment within the statutorily prescribed period. The delay in arraignment itself was not of the People's making.
Yet another flaw in the majority's theory is that it, in effect, converts the specific time frames set forth in CPL 30.30 into indeterminable periods whose length can be made to depend on the existence of other durational requirements unrelated to prosecutorial readiness. As a result, the People will no longer be certain that a readiness declaration made on the 180th or even the 175th day after the filing of the first accusatory instrument will suffice. After this case, for example, the People will have to file their indictment at least two days before the end of their six-month readiness period to ensure that the defendant could be arraigned and, at least theoretically, tried within that period. In the next case, the defendant may well claim that the People were required to file the indictment even earlier, since the accused must be given a reasonable time to make motions before he can be tried and the usual battery of pretrial motions cannot be made until the indictment has been filed and the arraignment held. In any event, the majority's holding has injected an element of uncertainty into a statutory mandate that was intended to provide clear and unambiguous deadlines for prosecutors.[2]
Finally, the majority's theory is faulty because it takes *10 elements of the analysis for prereadiness delay and combines them with elements of the entirely separate analysis for postreadiness delay, despite this Court's repeated prior admonitions that those two classes of delay have very different legal consequences (People v Cortes, supra; People v McKenna, supra, at 63; People v Anderson, 66 N.Y.2d 529). The core of the majority's rationale is the assumption that the People were never actually ready despite their record declaration of readiness (see, majority opn, at 5). In other words, the problem in the case, as it is cast by the majority's analysis, is an omission by the People that occurred before they made their supposedly "illusory" readiness declaration. Indeed, the majority implicitly recognizes the prereadiness character of the delay by citing People v Smith (82 N.Y.2d 676, supra), People v Correa (supra), People v Brothers (supra) and People ex rel. Franklin v Warden (supra) in its discussion of when certain classes of delays do not affect the People's readiness. However, rather than looking to those same cases to determine the proper disposition of this case, the majority unaccountably shifts to a line of authority and cases addressing postreadiness delay (People v Jones, supra, at 539-540; People v Anderson, supra; People v Cole, supra; People v McKenna, supra; Preiser, op. cit., at 174). The analysis in those cases, however, has no bearing on this prereadiness case.
In prereadiness cases, all of the elapsed time that precedes the readiness declaration is "charged" to the People except to the extent that particular "delay" periods may be "excused" under the explicit statutory provisions. After the People's readiness declaration, in contrast, delays by the People do not ordinarily implicate CPL 30.30 and do not require dismissal unless they constitute an actual impediment to the forward progress of the proceeding (see, e.g., People v McKenna, supra; People v Anderson, supra). Thus, in cases such as McKenna, Jones, and Cole, where the People neglected their responsibilities after they had declared readiness, it was appropriate and necessary to consider the effect of the People's omissions on the court's ability to commence trial. The same cannot be said in a prereadiness case such as this, where the timeliness and legitimacy of the readiness declaration itself are the only issues. The majority has reached a different conclusion only by devising a formula that, in effect, mixes apples and oranges.
*11 Moreover, a close review of the analyses in two of the postreadiness cases on which the majority relies readily reveals the inapplicability of their holdings to these circumstances.[3] In McKenna (supra), the forward progress of the proceedings was delayed because the People did not perform their obligation to supply the Grand Jury minutes in response to the defendant's CPL 210.30 dismissal motion. In Jones, a delay in the proceedings was caused by the People's failure to produce a defendant who was within their control. In both cases, the Court held that the period during which the People had not fulfilled their prosecutorial duty should be charged to the People because the proceedings could not go forward until the neglected task was completed. However, in both cases, dismissal under CPL 30.30 was deemed required only to the extent that the total period during which the People's obligations remained unsatisfied exceeded the readiness period prescribed in CPL 30.30.
Thus, in People v McKenna, the indictment was dismissed because the five-month postreadiness period during which the People failed to produce the Grand Jury minutes, when "tacked" to the prereadiness delay periods attributable to the People, exceeded the allotted six-month period (see, 76 NY2d, at 66). Similarly, in Jones, dismissal was not required, notwithstanding the People's trial-postponing 103-day delay in producing the defendant, because the total period of the People's unexcused delay was less than six months (66 NY2d, at 539-540). In neither case did the Court sanction dismissal solely because inaction by the People had delayed the start of trial. Accordingly, under the McKenna-Jones formula, dismissal is required only when two conditions are present: (1) the periods of postreadiness delays to be charged against the People must be of such a nature as to prevent the proceedings from going forward (cf., People v Allen, 66 N.Y.2d 529, 541-542) and (2) the total time during which the People failed to perform mandatory prosecutorial functions must exceed the statutory time period.
In this case, of course, application of that formula does not lead to dismissal, since only the first condition is satisfied. *12 While it is unquestionably true that defendant could not be arraigned or tried until the People had performed their duty to obtain and file an indictment, it is also indisputable that, unlike in McKenna, the People here did not fail to perform that prosecutorial task within the six-month period that CPL 30.30 allows. Indeed, this case more nearly resembles People v Jones (supra), in which dismissal was not required, than it resembles People v McKenna (supra), in which a dismissal was ordered. Accordingly, whatever annoyance the majority may feel about the People's timing, it cannot be said that the People overstepped their statutory deadline. Even assuming that the analysis for postreadiness delays has any application as to this prereadiness situation, the People, who filed an indictment and declared their readiness within the allotted 183 days, did not earn a CPL 30.30 dismissal.
Accordingly, the indictment in this case should not have been dismissed, and the courts below erred in sanctioning that result.
Order affirmed.
NOTES
[1] To the extent that the majority opinion suggests that the holdings in People v Smith (82 N.Y.2d 676), People v Correa (77 N.Y.2d 930, supra), People v Brothers (50 N.Y.2d 413, 417, supra) and People ex rel. Franklin v Warden (31 N.Y.2d 498, supra) are limited to delays (including arraignment delays) occasioned by "court congestion," its rationale is inconsistent with the language of Giordano. Further, it is legally perilous, since there exists a myriad of systemic reasons other than court congestion and prosecutorial laxity that prevent the defendant from being tried on the precise day that he is indicted. If the Court means to say that the delays resulting from these impediments are not to be handled within the Brothers-Giordano-Correa framework, it is creating a vast realm of uncertainty and raising a whole new host of questions as to what types of delays will excuse prosecutorial unreadiness and what type of delays will vitiate declared prosecutorial readiness.
[2] The Court's holding leaves unclear, for example, what portion of the so-called "long" 14-day delay is properly chargeable to the People. Only 2 of those 14 days are attributable to the statutory "impossibility" of arraigning defendant because of the need to furnish advance notice (see, CPL 210.10 [2]). The remaining 12 days were, presumably, attributable to some scheduling difficulty, perhaps even to court congestion. Nothing in the Court's writing addresses how the responsibility for this part of the delay should be allocated. The omitted analysis is critical because, as discussed below (see, at 11, infra), CPL 30.30 relief cannot be had for mere delay occasioned by prosecutorial "laxity." Rather, dismissal under that statute is required only when the delay was chargeable to the People and exceeded the specified period for readiness (see, People v Jones, 66 N.Y.2d 529, 539-540).
[3] The underlying facts in People v Cole (supra), the other case on which the majority relies, are not apparent from the brief writings that were published in that case (see, 73 N.Y.2d 957; 141 AD2d 829). Accordingly, it would not be fruitful to analyze the significance of the Cole holding in this context.