Chief Judge Kaye
(dissenting). The language of CPL 30.30 and its legislative history demonstrate that the statute was intended to address delays occasioned by prosecutorial inaction (People v McKenna, 76 NY2d 59, 63 [1990]). For 39 days, the People were unaware that a misdemeanor complaint had been filed, until they learned of its existence at arraignment. Having failed to attach a copy of the order of protection to the complaint, the People were then met with dismissal of the misdemeanor contempt charge and received an unfavorable ruling of 30 days in which to be ready on the violation. The prosecution was saved only by City Court’s determination that the People’s ignorance of the charges, prior to arraignment, constituted an “exceptional circumstance” (CPL 30.30 [4] [g]).
Defendant was convicted of the violation. On appeal, County Court observed that the People did not “challenge that portion of the court’s determination that they had thirty days in which to be ready for trial with respect to the harassment offense.” Indeed, the People never again raised the claim that they had 90 days in which to be ready. “The fact that a particular ruling may be erroneous does not by itself transform that ruling into an ‘exceptional circumstance’ ” (People v Cortes, 80 NY2d 201, 211-212 [1992]). These words should be given their plain meaning. Although unexpected, the retroactive reduction does not amount to an exceptional circumstance.
Examples of exceptional circumstances include the unavailability of evidence despite the People’s due diligence in trying to obtain it and the need for additional time to prepare the case, justified by the exceptional circumstances of the case. The Court should not recognize an exceptional circumstance based on the District Attorney’s own conceded policy of remaining unaware, until arraignment, of accusatory instruments filed by police. True, the CPL does not impose an explicit obligation on the People to “monitor” filings in criminal courts. A criminal action commences, however, with the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20 *344 [16], [17]; 100.05). It is this commencement of the criminal action that triggers the People’s obligation to be ready for trial within the prescribed statutory period (CPL 30.30 [1]).
Criminal Procedure Law § 110.20 should not operate to toll the People’s obligation to be ready in every case. That statute, remedial in nature, acts to insure that in areas outside New York City, the People have notice promptly, by arraignments at the latest, of accusatory instruments charging a crime, filed mainly by police. Enacted in 1977 at the urging of the court system, the law was designed specifically to confront the unfortunate reality that in some rural areas, “the interval between arraignment and informal notification to the district attorney may be as much as several weeks. This is an unnecessary and undesirable delay, especially where a defendant is incarcerated” (Mem in Support of S 3507, Bill Jacket, L 1977, ch 353). The bill was also passed to prevent courts from disposing of cases in the prosecutor’s absence. It did not reference CPL 30.30 and was in no way intended to provide the People with an exceptional circumstance, for speedy trial purposes, from the filing of the complaint until the defendant’s arraignment. Nor does the law provide a sanction for the failure of police to abide by its requirement to notify the district attorney “upon or prior to the arraignment” — whenever that may be.
The People concede here that the “assistant district attorney is present at the regular time a court schedules arraignments, and receives the accusatory instruments pertaining to the cases scheduled for that day or night.” If, in Buffalo City Court, the People wish to wait in every case until arraignments to learn of the filing of an accusatory instrument, that is their choice, but the defendant should not be burdened by it. In a situation such as this, where, as a result of their own inaction, the People had less time to prosecute than they thought, they should not benefit from an exceptional circumstance.
Accordingly, I would reverse and dismiss the accusatory instrument.
Judges Smith, Levine, Wesley and Rosenblatt concur with Judge Gkaffeo; Chief Judge Kaye dissents and votes to reverse and dismiss the accusatory instrument in a separate opinion in which Judge Ciparick concurs.
Order affirmed.