■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WALLACE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered July 27, 1982, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's pretrial motion as sought dismissal of the indictment on statutory speedy trial grounds pursuant

to CPL 30.30. ¶ Judgment reversed, on the law, that branch of defendant's pretrial motion which sought dismissal of the indictment on statutory speedy trial grounds granted, and indictment dismissed. The case is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. ¶ The voluntary disclosure agreement, which was entered into by the prosecutor and defense counsel on September 24, 1981, contained a provision indicating that defendant was moving to "dismiss the indictment under Criminal Procedure Law Section 210.20 (1) (b) on the ground that the evidence before the Grand Jury was legally insufficient". The agreement also provided that the transcript of the Grand Jury minutes was "[t]o be furnished" by the District Attorney and that "the minutes of the Grand Jury Proceedings herein be submitted to the court without further written application and that the court, upon receipt of same, may rule upon defendant's motion". ¶ The record indicates that (1) the Grand Jury minutes were completed and given to the District Attorney on November 28, 1981; and (2) it was not until May 25, 1982, that the Grand Jury minutes were turned over to the court by the District Attorney. ¶ The County Court held that the period of time from September 24, 1981 through November 28, 1981 was excludable from the six months ready rule contained in CPL 30.30, since that was a reasonable time to transcribe the Grand Jury minutes in response to defendant's motion to dismiss the indictment for legal insufficiency. The County Court further held that the period from November 28, 1981 to May 25, 1982 was chargeable to the People since it was their duty to turn the Grand Jury minutes over to the court immediately upon their receipt. Nevertheless, since the Grand Jury minutes were turned over to the court on May 25, 1982, i.e., three days within the six-month period, the court denied defendant's motion to dismiss on speedy trial grounds. ¶ We disagree with the holding of the County Court. ¶ The People offered no valid excuse for the delay in transcribing the Grand Jury minutes. Under the circumstances of this case, we conclude that the Grand Jury minutes should have been in the People's possession and transmitted to the court on October 15, 1981 (see *People v Bonterre*, 87 Misc 2d 243; cf. *People v Ferrara*, 102 Misc 2d 253). With that date as a starting point, it is clear that over seven months of delay, i.e., October 15, 1981 to May 25, 1982, are chargeable to the People. Under these circumstances, defendant's motion to dismiss based on statutory speedy trial grounds should have been granted and the indictment dismissed. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.