■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY FRAZIER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Broomer, J.), both rendered January 10, 1989, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree under Indictment No. 5695/87, upon a jury verdict, and criminal possession of stolen property in the fifth degree under Indictment No. 4247/87, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that his motion to dismiss Indictment No. 5695/87 on the ground that he was not afforded a speedy trial *(see,* CPL 30.30) was improperly denied. Pursuant to CPL 30.30 (1) (a), the People are required to announce their readiness for the trial of a felony within six months of the commencement of the criminal proceeding, less certain enumerated excludable periods *(see,* CPL 30.30 [4]; *People v Kendzia,* 64 NY2d 331, 336). Criminal proceedings were commenced against the defendant on June 26, 1987, the day the felony complaint was filed *(see,* CPL 1.20 [17]; *People v Osgood,* 52 NY2d 37, 40). After subtracting periods of delay not chargeable to the People, the period of unexcused delay is less than the statutorily mandated six-calendar-month time limit *(see,* CPL 30.30 [1] [a]). In reaching this determination, we exclude from our computation the postreadiness period commencing on October 26, 1987, when the People announced their readiness on the record, to January 6, 1988, which period of delay was attributable to the defendant's filing of pretrial motions and did not affect the People's continued readiness for trial *(see,* CPL 30.30 [4] [a]; *People v Anderson,* 66 NY2d 529, 536).

The defendant next contends that certain of the prosecutor's remarks in summation deprived him of a fair trial. With respect to at least two of the challenged comments no objection was made by defense counsel and, therefore, any claims of errors with respect thereto have not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]). To the extent the claimed errors are preserved for appellate review, any error is harmless in light of the overwhelming evidence of the defendant's guilt.

In view of our determination, we do not reach any issue with respect to vacatur of the defendant's plea under Indictment No. 4247/87 *(cf., People v Clark,* 45 NY2d 432). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.