■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARTH A. PIVODA, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered May 8, 1991, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree and criminal mischief in the fourth degree.

On this appeal, defendant contends, *inter alia,* that he was denied a speedy trial pursuant to the dictates of CPL 30.30 (1) (a). The operative facts follow. A felony complaint was filed on July 18, 1989 and defendant was thereafter indicted on July 27, 1989. On July 31, 1989 the People announced their readiness for trial. Thereafter, on September 26, 1989 County Court ordered the People to produce a transcript of the minutes of the Grand Jury proceedings so that a determination could be made of defendant's motion to dismiss the indictment pursuant to CPL 210.30. The People did not produce the minutes until May 2, 1990. As a result, defendant moved to dismiss the indictment on the ground of postreadiness delay in excess of six months *(see, People v McKenna,* 76 NY2d 59). The People

submitted an affidavit in opposition to the motion in which they averred that they ordered the transcript in a timely fashion, but due to the inordinate backlog of transcript requests, the stenographer was unable to produce the minutes until January 25, 1990. County Court (Dwyer, Jr., J.), without a hearing, concluded that the Grand Jury stenographer was physically unable to prepare the minutes and denied the motion.

There is no doubt that a delay in the production of Grand Jury minutes for resolution of a CPL 210.30 motion, without justification or excuse, is a valid basis for dismissal of the indictment on statutory speedy trial grounds *(see, People v McKenna, supra,* at 64-65). The People, however, are entitled to have excluded from the time charged against them a reasonable time in which to have the minutes transcribed *(see, People v Wallace,* 100 AD2d 634, *appeal dismissed* 63 NY2d 1035). Defendant, relying upon *People v Wallace (supra)* contends that a reasonable time is three weeks and that by excluding such time in the case at bar there is still a postreadiness delay in excess of six months. We do not read *Wallace* as establishing such an arbitrary time limitation. In *Wallace* the People failed to offer an excuse for the delay and, resultingly, the court concluded that the Grand Jury minutes should have been produced within three weeks. In the case at bar, the People have offered an excuse for the delay in providing the Grand Jury minutes. It strikes us, however, that whether the time taken was reasonable, and the excuse therefore valid, cannot be determined upon the motion papers. Rather, a full evidentiary hearing is necessary to determine whether the delay in producing the minutes was reasonable *(see, People v Berkowitz,* 50 NY2d 333, 349). At the hearing, such issues as whether the People routinely order Grand Jury minutes in every proceeding and whether their requests for minutes are prioratized based upon the age of a case or its imminence for trial will have a bearing upon whether the delay in this case was reasonable.

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.