OPINION OF THE COURT
Smith, J.
The issue in this CPL 30.30 appeal is whether the People may delay producing the Grand Jury minutes in response to a defendant’s CPL 210.30 motion to inspect and dismiss until after the court specifically orders them to do so. The Appellate Division dismissed the indictment on the basis of our decision in People v McKenna (76 NY2d 59) where we held that the People’s postreadiness delay in failing to provide Grand Jury minutes to the court, when added to the prereadiness delay, violated CPL 30.30’s strictures and required the dismissal of the indictment. Because that court correctly determined that a portion of the period of time within which the People failed to provide the Grand Jury minutes should be chargeable to the People, we affirm.
During the course of defendant’s street fight with one James Jones, defendant allegedly struck Jones in the face with a garbage can, causing serious injuries. Defendant’s friend called the police and defendant was arrested.
On June 16, 1990, at the City Court of Niagara Falls, detectives submitted an information/complaint accusing defendant of assault in the first degree and criminal possession of a weapon in the fourth degree. After a number of adjournments properly charged to the People, defendant was indicted on November 13, 1990. Defendant received a 14-day adjournment and was arraigned on the indictment on November 27, 1990. At that time, the People declared their readiness for trial.
Defendant filed an omnibus motion on January 23, 1991, *411 asking the court, inter alia, to inspect the Grand Jury minutes and to dismiss the indictment pursuant to CPL 210.30. The People failed to respond to defendant’s omnibus motion, including the motion to inspect the Grand Jury minutes, until March 28, 1991, 64 days after defendant’s initial request. The People did not oppose the trial court’s review of the minutes but objected to disclosure of the minutes to defendant unless the court found such disclosure "absolutely necessary.” The People also opposed dismissal of the indictment.
On April 18, 1991, defendant made a CPL 30.30 motion alleging that the indictment against defendant should be dismissed for noncompliance with that statute. Supreme Court allowed the trial to proceed and required the People to respond to the motion within three weeks. Jury selection began on April 22, 1991. On May 2, 1991, prior to the court’s determination of defendant’s CPL 30.30 motion, defendant was convicted of assault in the first degree, a class C felony. On May 29, 1991, the court denied defendant’s CPL 30.30 motion, concluding that all the time that had elapsed since the filing of the indictment was attributable to the court.
The Appellate Division reversed, holding that, under People v McKenna (76 NY2d 59, supra), the People were chargeable with a portion of the period of time during which they failed to provide the Grand Jury minutes, and that period, when added to other time chargeable to the People, prevented defendant from receiving a speedy trial, as required by CPL 30.30. A Judge of this Court granted the People’s motion for leave to appeal.
The People argue that the Appellate Division’s affirmance improperly imposes a duty upon the People to provide the Grand Jury minutes within 36 days of defendant’s filing of the motion to provide the minutes. They argue further that since CPL 210.30 contemplates a two-step process for a motion to dismiss based on legally insufficient Grand Jury evidence— first, a decision by the court to inspect and, second, a decision on the dismissal question — they were not obligated to produce the minutes until the court ruled on the motion to inspect. Defendant contends that where the People fail to justify their delay in providing the Grand Jury minutes to the trial court and where they are properly charged with four months and 28 days of preindictment delay, they are not ready for trial within the time period prescribed by CPL 30.30 (1) (a). Thus, defendant argues, the Appellate Division properly dismissed the indictment.
*412 In addressing the postreadiness time properly charged against the People in this case, the People first declared readiness on November 27, 1990. On January 23, 1991, at a pretrial conference, defendant submitted his omnibus motion seeking, inter alla, inspection of the Grand Jury minutes. As of April 18, the date of defendant’s motion to dismiss under CPL 30.30, the People had not provided the trial court with the Grand Jury minutes. This failure occurred despite the court’s specific request for the minutes from the People on April 8, 1991. Indeed, the People had not even responded to defendant’s omnibus motion until March 28, 1991, more than two months after defendant submitted it.
In McKenna, this Court noted that CPL 30.30 "was intended only to address delays occasioned by prosecutorial inaction” (see, People v McKenna, 76 NY2d 59, 63, supra). Thus, in that case, we held that where the trial court’s delay in deciding a CPL 210.30 motion resulted from the People’s failure to provide the Grand Jury minutes five months after they made their statement of readiness, dismissal of the indictment was warranted under CPL 30.30.
The People argue that McKenna does not support the Appellate Division’s reversal here, especially since Supreme Court acknowledged responsibility for the delay. The People contend that this case is distinguishable from McKenna because the People in McKenna had negligently failed to provide the Grand Jury minutes to the court whereas here, there was no finding of negligence and the Appellate Division arbitrarily imposed a 36-day limit on the People’s time to present the Grand Jury minutes to the court. A specific finding of the People’s negligence, however, was unnecessary in McKenna and is unnecessary in this case. It is sufficient that the People’s inaction resulted in a delay in the court’s disposition of the motion. Here, not only did the People fail to make the Grand Jury minutes available in its response to defendant’s motion, it is not clear on this record when the People submitted them to the trial court.
Furthermore, the People did not oppose defendant’s CPL 210.30 motion at the time defendant submitted it and objected to disclosure when they responded in writing without supporting the objection with reasons. Because CPL 210.30 (3) places the burden on the People to show "good cause” why the motion should not be granted, if the People opposed the motion on any grounds, it was incumbent upon them to establish them or presume that the motion would be granted.
*413 Thus, in view of the statutory design, we hold that where the People make no objection to the branch of the CPL 210.30 motion seeking inspection of the Grand Jury minutes, the People’s obligation to produce the Grand Jury minutes within a reasonable time begins to run from the date the defendant’s CPL 210.30 motion (to inspect the Grand Jury minutes and to dismiss the indictment) is made. This holding is consistent with our determination in McKenna where the People’s failure to "simultaneously” supply the Grand Jury minutes upon the defendant’s omnibus motion was charged to the People from the date of that motion (see, People v McKenna, 76 NY2d 59, 62, supra).
This holding is also consistent with the purpose of CPL 210.30. Although the People are correct in their argument that CPL 210.30 contemplates a two-step decision-making process for the trial court, it does not necessarily follow that the People’s duties upon the making of the motion are similarly divisible. In actual practice, most defendants include their requests for inspection and dismissal in the same motion paper (see, CPL 210.30 [1]) and, in the absence of some basis for denying inspection, the court grants the request for inspection as a matter of routine, inspects and then simply announces its decision to grant or deny dismissal in a single ruling. This practice is consistent with the intention of the Legislature, which amended CPL 210.30 in 1980 to eliminate any necessity for a threshold showing by the defendant on a motion to inspect and to require the court to grant the motion unless a showing of "good cause” is made by the People (L 1980, ch 842; see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 210.30, at 640-641). Thus, while the preamendment practice may have been otherwise (see, People v Howell, 3 NY2d 672), the current — and statutorily mandated — expectation is that a favorable ruling on the motion to inspect will be automatic, except in those exceptional cases in which the prosecution has asserted some "good cause” ground for denial. In other words, the "inspection” aspect of the defendant’s CPL 210.30 motion is ordinarily not a litigated matter.
Consequently, although the courts’ internal decision-making process theoretically consists of two sequential steps, the courts usually have no need to — and routinely do not — separately announce their decisions to "grant” inspection. Because there is customarily no formal intermediate announcement on *414 the motion to inspect, there is simply no reason for the People to await such an announcement. Instead, it is generally expected that the People will simply produce the Grand Jury minutes within a reasonable time after the CPL 210.30 motion has been made. Indeed, in a case such as this, where the People offered no opposition to inspection by the court, it makes little sense to hold that the People may wait for a "ruling” by the court on the "inspection” aspect of the CPL 210.30 motion before coming forward with the Grand Jury minutes, since the decision on that point is inevitable (see, CPL 210.30 [3]; Preiser, op. cit., at 641). In these circumstances, waiting for a ruling on the defense’s "inspection” request would be pointless.
The Appellate Division held that 36 days was a "reasonable” period within which the People should have provided the minutes. In affirming that determination on the principles of McKenna, we find no reason to upset that Court’s conclusion.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Levine concur.
Order affirmed.