■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL LLOYD, Appellant. [610 NYS2d 111] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: Defendant was denied his statutory right to a speedy trial as a result of the People's post-readiness delay in providing the court with Grand Jury minutes (see, People v Harris, 82 NY2d 409). Defendant was arrested on November 2, 1989 and arraigned on April 25, 1990, at which time the People announced their readiness for trial. Defendant filed an omnibus motion on July 31, 1990 that included a request for an order directing delivery of the Grand Jury minutes for inspection and for dismissal of the indictment based upon the insufficiency of the evidence. On June 14, 1991, defendant moved to dismiss the indictment pursuant to CPL 30.30 and 30.20.

The People did not respond to defendant's omnibus motion until June 25, 1991, almost 11 months later. They asserted in their response that the motion to inspect should be denied and requested that, should the court grant it, the People "will provide" the Grand Jury minutes to the court for an in camera inspection. Thus, the record reflects that, as of June 25, 1991, the People still had not provided the Grand Jury minutes.

Limiting defendant to the argument in his motion papers, in which he accepted responsibility for the delay until he filed his omnibus motion on July 31, 1990, we conclude that the six-month period began to run 36 days after that date, i.e., on September 6, 1990 (see, People v Harris, supra). Not until June 25, 1991, almost 9½ months later, did the People respond to the omnibus motion. The minutes still had not been provided. Thus, defendant was denied his right to a speedy trial. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.