■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD N. CUSHMAN, Respondent. [621 NYS2d 1022] —Order unanimously reversed on the law, motion to dismiss indictment denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on indictment. Memorandum: On appeal from an order granting defendant's motion to dismiss the indictment on the ground that defendant was deprived of his statutory right to a speedy trial, the People contend that County Court erred in charging two periods, totalling 103 days, of postreadiness delay to the People (see, CPL 30.30). We agree.

The People concede that the 154-day period of time between the commencement of the criminal action and defendant's arraignment on the indictment, when the People declared their readiness for trial, is chargeable to them. The court erred, however, in charging to the People the 32 days between the filing of defendant's CPL 210.30 motion and the production of the Grand Jury minutes by the People; that was a reasonable period of time to respond to that motion (see, CPL 30.30 [4] [a]; People v Harris, 82 NY2d 409, affg 187 AD2d 1015 [36 days]; see also, People v Inswood, 180 AD2d 649, lv denied 79 NY2d 1002 [64 days]; People v Rodriguez, 132 Misc 2d 1044 [39 days]). The court also erred in charging to the People the 71-day period during which defendant's CPL 30.30 motion was pending; the pendency of that motion did not affect the People's readiness for trial (see, People v Anderson, 66 NY2d 529; People v Shannon, 143 AD2d 572, 572-573, lv denied 73 NY2d 860; People v Allen, 152 Misc 2d 257, 263, affd 203 AD2d 97, lv denied 83 NY2d 963).

Thus, because only 154 days were chargeable to the People, they were ready for trial within six months from the commencement of this action and defendant's motion to dismiss should have been denied. (Appeal from Order of Monroe County Court, Connell, J.—Dismiss Indictment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.