■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEIDI SCHMADEBECK, Appellant. [627 NYS2d 494] —Judgment unanimously affirmed. Memorandum: Defendants, Heidi Schmadebeck and Dale Woodring, were indicted and charged with conspiracy in the fourth degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree, and unlawful possession of marihuana. The counts alleging conspiracy, criminal possession of a weapon and unlawful possession of marihuana were dismissed by County Court for insufficiency. Schmadebeck entered a plea of guilty to one count of criminal possession of a controlled substance in the seventh degree in full satisfaction of the charges against her, and was sentenced to a one-

year conditional discharge. Woodring was convicted following a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree as a lesser included offense of criminal possession of a controlled substance in the third degree. Woodring was sentenced to concurrent terms of imprisonment, the highest being 3 to 9 years.

Both defendants argue that the court erred in denying their CPL 30.30 motions, because the prosecutor failed timely to file the Grand Jury minutes with the court. By entering a plea of guilty, however, Schmadebeck waived her rights pursuant to CPL 30.30 (see, People v Taylor, 65 NY2d 1, 6). Woodring preserved the issue for review (see, CPL 470.05 [2]), and we agree that his CPL 30.30 motion should have been granted.

On July 17, 1993, Woodring moved for, inter alia, "[d]efense inspection of the Grand Jury minutes and dismissal under CPL Sections 210.30 and 210.35". In their responding papers, the People did not object to inspection of the Grand Jury minutes by the court, but objected to their disclosure to defense counsel. The People, however, did not file the Grand Jury minutes with the court until April 8, 1994. On April 11, 1994, the court dismissed three counts for insufficiency, but subsequently denied Woodring's CPL 30.30 motion on the ground that Woodring never requested the court to inspect the Grand Jury minutes. That was error.

In his request to inspect and dismiss, Woodring invoked CPL 210.30, which provides for inspection of Grand Jury minutes by the court. The People did not object to the court's inspection of the Grand Jury minutes. Consequently, the People were required to file the minutes with the court within a reasonable time (see, People v Harris, 82 NY2d 409, 413-414). The People filed the Grand Jury minutes over eight months after Woodring moved for inspection and dismissal. The post-readiness delay chargeable to the People exceeds 180 days, requiring dismissal of the indictment.

The court properly denied defendants' suppression motions because the police had reasonable suspicion entitling them to stop defendants' vehicle and make inquiry, and the limited inquiry addressed to Woodring was not the equivalent of custodial interrogation, requiring Miranda warnings (see, People v Bennett, 70 NY2d 891, 893-894). In light of our reversal of the conviction of Woodring and the dismissal of the indictment against him on CPL 30.30 grounds, it is unnecessary to reach his remaining argument. (Appeal from Judgment of

Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 7th Degree.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.