■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOE LAWRENCE, Respondent. [635 NYS2d 223] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about January 24, 1994, which, upon reargument, dismissed the indictment pursuant to CPL 30.30, unanimously affirmed.

The court properly concluded that the delay from July 29 to September 14, 1993 was not excludable. Because the People did not oppose that branch of defendant's omnibus motion seeking inspection of the Grand Jury minutes, their failure to produce the minutes within a reasonable time after the filing of the motion requires that they be charged with the period beyond what was reasonable (*People v Harris*, 82 NY2d 409, 413-414). While there is no hard and fast rule as to what a reasonable period is, given that the motion was filed on June 23, it was clearly unreasonable not to have produced the minutes by July 29, the parties' first appearance before the motion court after its July 22 decision directing hearings on the suppression issues and reserving decision on the Grand Jury issue, or at least to have given assurances that production was imminent. In fact, the minutes were not produced until September 14, the date that had been set for hearings on the suppression motions. The record makes clear that the adjournment to September 14 for suppression hearings, beyond the People's requested date of August 12, had nothing to do with the pendency of the suppression motions or the court's own vacation schedule, but rather with the court's need for the minutes to decide the Grand Jury issue, which it wanted to do before deciding the suppression issues, and that the delay was entirely caused by the nonproduction of the minutes. This period from July 29 to September 14, when added to other includable periods not at issue on appeal, required dismissal of the indict-

ment. Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.