■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLEN T. VAN DEUSEN, Respondent. [645 NYS2d 125] —Peters, J.

On January 1, 1993, defendant was arrested and arraigned on a felony complaint charging him with the crime of assault in the first degree. He allegedly fired three or four shots from a rifle, one of which struck Ricky Phillips in his leg. Another bullet struck the driver's side window of the car in which defendant's wife, Karen Van Deusen, was seated. After arrest and arraignment in a local criminal court, defendant was released upon posting a $1,000 bond.* On June 24, 1993, defendant was indicted for assault in the first degree and reckless endangerment in the first degree.

By letter to defense counsel and by Grand Jury memorandum, each dated and mailed on June 24, 1993, the People informed counsel that defendant had been indicted, that his arraignment was scheduled for July 1, 1993 by County Court and that the People were ready for trial. On July 1, 1993, as scheduled, defendant was arraigned. At such time, the People again announced, in open court, their trial ready status.

On August 13, 1993, a pretrial omnibus motion was filed on behalf of defendant, returnable August 24, 1993, which sought, inter alia, production and inspection of the Grand Jury minutes (see, CPL 210.30). The People did not oppose the County Court's review of the Grand Jury minutes. On August 30, 1993, defendant's motion to inspect the minutes was granted and the court ordered their production. The People acknowledge receipt of that order on August 31, 1993. Thirty days later, on September 29, 1993, the People filed the Grand Jury minutes with the court.

Defendant thereafter moved to dismiss the indictment, contending that he had been denied his statutory right to a speedy trial (see, CPL 30.30 [1] [a]; 210.20 [1] [g]). In support thereof, he contended that the People should be charged with the time between the date of his filing of the omnibus motion (August 13, 1993) and County Court's receipt of the transcribed minutes (September 29, 1993).

County Court, in calculating all such chargeable time, found

---

* He remained free on bail until his arrest on June 9, 1993 for another offense unrelated to this appeal.

that the People were not effectively ready for trial until defendant was arraigned on July 1, 1993 and that they were chargeable with an additional 30 days of postreadiness delay from the date that they received the court's order to produce the minutes (August 31, 1993) until the date that the court actually received such minutes (September 29, 1993). In adding this postreadiness delay to what it found to be 180 days of prereadiness delay and noting that the arraignment on the indictment was the last day of the six-month period allowed by CPL 30.30, County Court found that defendant had been denied his statutory right to a speedy trial. Although the court subsequently permitted the People reargument and held a hearing pursuant to *People v Pivoda* (186 AD2d 875), the earlier order of dismissal remained. The People now appeal.

We reverse. As defendant was the subject of a felony complaint filed in a local criminal court on January 1, 1993, we find that while the time period between the commencement of the action and the filing of the indictment with the announcement of readiness (174 days) was properly chargeable to the People, the postreadiness delay in arraigning defendant should be chargeable to the court (*see, People v Goss*, 87 NY2d 792, 797).

As to defendant's motion seeking inspection of the Grand Jury minutes, we agree that if the People do not object to such relief, their obligation to produce the minutes within a reasonable period generally commences from the date that the motion is made (*see, People v Harris*, 82 NY2d 409, 413). While the People concede that defendant's motion papers were received on August 13, 1993, they contend that the appropriate date to trigger their obligation is the August 24, 1993 return date. Noting that *People v Harris* (*supra*) made no reference to a return date and instead referred to the date that the motion was "submitted" (*supra*, at 412) and that CPLR 2211 provides that a motion is made when the papers are served, we conclude that unless the People object to the relief sought, the obligation to produce the minutes within a reasonable time begins to run on the date of service, not the return date.

Upon being served, the People were clearly aware that pursuant to CPL 210.30 (3), the motion to inspect would be granted unless they could show "good cause" why it should be denied (*ibid.*). Thus, it was incumbent upon the People to object and establish the necessary "good cause" or presume that the motion would be granted (*ibid.*). The total delay, therefore, when calculated from the date of service, becomes 47 days (August 13, 1993 to September 29, 1993). Mindful that CPL 30.30 is not

a true "speedy trial" statute but rather " 'was intended only to address delays occasioned by prosecutorial inaction' " (*People v Harris, supra*, quoting *People v McKenna*, 76 NY2d 59, 63), we must conclude that there exists no basis to hold the People's "delay" in production unreasonable. While we agree that the People should have prioritized the preparation of this transcript once they determined that there were no "good cause" grounds for objection, we find that the passage of 47 days from receipt of the motion constitutes a reasonable period within which to assess "good cause", order the minutes, receive the minutes and provide them to the court (*see, e.g., People v Roscoe*, 210 AD2d 1003, *lv denied* 85 NY2d 913; *People v Cushman*, 210 AD2d 960; *People v Sutton*, 209 AD2d 878; *People v Pivoda*, 186 AD2d 875, *supra*). For all of these reasons, we reverse County Court's order and reinstate the indictment.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, motion denied, indictment reinstated and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.