OPINION OF THE COURT
Patrick J. McGrath, J.
Defendant filed a motion to dismiss based upon a denial of speedy trial pursuant to CPL 30.30 (3) (b). The People filed an affirmation in opposition on July 1, 1998.
It is undisputed that the criminal action commenced on July 11, 1997, when a warrant of arrest was issued for the defendant by the local Town Court Judge in the Town of Schodack. The defendant was arraigned on the indictment on January 9, 1998, at which time the District Attorney announced their readiness for trial. The defendant filed an omnibus motion on February 20, 1998, and the People filed an affirmation in op *306 position thereto on March 2, 1998. The court rendered a decision concerning defendant’s omnibus motion on May 27, 1998 which indicated the court would conduct an in camera inspection of the Grand Jury minutes. The People turned over the Grand Jury minutes to the court for an in camera inspection on June 29, 1998. The court rendered a decision on the legal sufficiency of the Grand Jury minutes on July 7, 1998.
For purposes of CPL 30.30, the time period begins to run the day after the criminal action was commenced, July 12, 1997 (People v Stiles, 70 NY2d 765), and the time period is measured by calendar months (People v Cortes, 80 NY2d 201). Accordingly, the People had to announce their readiness on or before January 12, 1998, 185 days after commencement.
Defendant asserts that the People’s postreadiness delay requires dismissal pursuant to CPL 30.30 (3) (b). When considering postreadiness delay, it is only failures on the part of the People that present a direct, and virtually insurmountable, impediment to the trial’s very commencement that will be a basis for a dismissal pursuant to CPL 30.30 (People v Mc-Kenna, 76 NY2d 59, 64). In McKenna, the People’s failure to provide Grand Jury minutes for the court to review was an absolute impediment to the trial’s very commencement, and since there were no alternative remedies set forth in a statute, dismissal was required pursuant to CPL 30.30. There is no arbitrary time limit for the People to produce the Grand Jury minutes (People v Pivoda, 186 AD2d 875, 876). The People’s obligation is only to produce the Grand Jury minutes “within a reasonable time” and whether a given period is reasonable will necessarily depend on the District Attorney’s ability to exert control over the stenographer (People v Sutton, 199 AD2d 878, 880). A 36-day period was a reasonable time for production of the Grand Jury minutes and therefore not chargeable to the People under CPL 30.30 (People v Harris, 82 NY2d 409).
When the People make no objection to the branch of the CPL 210.30 motion seeking inspection of the Grand Jury minutes, the People’s obligation to produce the Grand Jury minutes within a reasonable time begins to run from the date the defendant’s CPL 210.30 motion (to inspect the Grand Jury minutes and to dismiss the indictment) is made (People v Harris, supra, at 413). The Harris case indicated the rationale behind the above rule was that in actual practice most defendants include their request for inspection and dismissal in the same motion paper and the court grants the request for inspection and then simply announces its decision to grant or *307 deny dismissal in a single ruling (People v Harris, supra, at 413). However, the practice of this court is not to decide such matters in a single ruling. As can be seen from the facts set forth, the court rendered a separate decision on May 27, 1998, concerning defendant’s CPL 210.30 motion to inspect the Grand Jury minutes and a separate decision on July 7, 1998, concerning the legal sufficiency of the Grand Jury minutes. Also, the People did object to inspection of the Grand Jury minutes in their affirmation in opposition to defendant’s omnibus motion. Accordingly, under the facts of our case, the People’s obligation to produce the Grand Jury minutes began on the date of the court’s decision, May 27, 1998, when the court granted defendant’s request for an in camera inspection. Therefore, the People produced the Grand Jury minutes to the court within 33 days of the court’s decision directing inspection. Said period of time is a reasonable period in which to produce the Grand Jury minutes and therefore the People are not charged with any postreadiness delay in connection with failure to provide the Grand Jury minutes as directed.
Accordingly, defendant’s motion to dismiss pursuant to CPL 30.30 is denied. Likewise, defendant’s motion to preclude any testimony of the codefendant, Terry St. John, is denied since the People have provided the codefendant’s Grand Jury testimony to the defendant.