■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HUDSON, Appellant. [694 NYS2d 657] —Judgment, Supreme Court, New York County (John Bradley, J., on speedy trial motion; Antonio Brandveen, J., at nonjury trial and sentence), rendered June 25, 1998, convicting defendant of grand larceny in the second degree, and sentencing him to a term of 1 to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to 5 years' probation, with a condition of such probation being compliance with an order requiring full restitution, and otherwise affirmed, the matter remitted for the trial court to

fashion such an order and for further proceedings pursuant to CPL 460.50 (5).

The court properly denied defendant's speedy trial motion. The 26-day period in issue was excludable since defense counsel requested that the People delay presenting the case to the Grand Jury so that defendant could explore the possibility of a disposition involving his making restitution of the money he stole from his employer (*see, People v Greene*, 223 AD2d 474, *lv denied* 88 NY2d 879; CPL 30.30 [4] [b]). Contrary to defendant's argument, the request for a delay in the Grand Jury presentation was indistinguishable from a request for an adjournment.

Defendant's other arguments on this issue are unpreserved, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We find that, under the circumstances of this case, a sentence of imprisonment is excessive. We have therefore modified to provide for a sentence of probation. However, a condition of such probation must be the defendant's compliance with an order requiring full restitution of the moneys stolen within a reasonable period of time (*see*, CPL 420.10). Concur—Ellerin, P. J., Tom, Wallach, Lerner and Friedman, JJ.