■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE ROUSE, Appellant. [851 NYS2d 38]—

Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J., on speedy trial motion; Michael A. Gross, J., at jury trial and sentence), rendered June 19, 2006, convicting defendant of attempted arson in the third degree, and sentencing her to a term of three months, with five years' probation and a $2,000 fine, unanimously affirmed.

The court properly denied defendant's speedy trial motion. The court properly excluded a 30-day prereadiness period that commenced on October 5, 2004. On that date, the codefendant was without counsel and the court assigned an attorney who happened to be in court on another case to represent him (*see* CPL 30.30 [4] [f]). Although defendant maintains that newly appointed counsel made no request for an adjournment and neither that attorney nor her own counsel gave express consent to an adjournment, the codefendant was still effectively "without counsel" within the meaning of the statute, since counsel had just been assigned and had no knowledge of the case (*cf. People v Gil*, 285 AD2d 7 [2001] [attorney rendered ineffective assistance by agreeing to proceed to trial on day of arraignment, without any preparation, discovery or motions]; *see also People v Alvarado*, 281 AD2d 318 [2001], *lv denied* 96 NY2d 859 [2001]

[newly assigned counsel's request for adjournment implied from circumstances]). With regard to a period of postreadiness delay, the court properly determined that six weeks was a reasonable time for the People to have responded to defense motions and provided the grand jury minutes, and it properly excluded that portion of the People's delay in satisfying those requirements (*see People v Harris*, 82 NY2d 409, 414 [1993]). We find it unnecessary to address any other periods of delay.

The court's instruction on reputation evidence, viewed as a whole and in the context of the entire charge, conveyed the correct legal standard and could not have misled the jury as to the burden of proof in a criminal case (*see People v Fields*, 87 NY2d 821 [1995]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.