■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FUENTES, Appellant. [924 NYS2d 807]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Gerges, J.), dated June 1, 2010, which denied his

motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on July 31, 2001.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the defendant's motion.

In July 2001, the defendant was sentenced to an indeterminate prison term of 5 to 15 years on his conviction of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]). He was released to parole in 2005, but violated his parole and was reincarcerated. In 2008, the defendant was released to parole again, but he violated his parole and again was reincarcerated. On February 5, 2010, the defendant served a motion to be resentenced pursuant to CPL 440.46. Eleven days later, before the return date on the motion, he was again released to parole. The Supreme Court, relying on the decision of the Appellate Division, First Department, in *People v Orta* (73 AD3d 452 [2010]), held that the defendant's release to parole after he made his motion rendered him ineligible for resentencing under CPL 440.46. We reverse.

CPL 440.46, as directly relevant to the contested issue here, provides that a person who is "in the custody of the department of correctional services convicted of a class B [drug] felony . . . [and] who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced" (CPL 440.46 [1]). On February 5, 2010, when he was in the custody of the Department of Correctional Services, the defendant, by serving his motion on the People, applied to be resentenced (*see* CPLR 2211; *cf. People v Price*, 56 AD3d 366, 369 [2008]; *People v Van Deusen*, 228 AD2d 987, 988 [1996]). The defendant's release to parole 11 days later did not render him ineligible for resentencing (*see People v Overton*, 86 AD3d 4 [2d Dept 2011]; *but see People v Santiago*, 77 AD3d 407 [2010], *lv granted* 16 NY3d 799 [2011]).

The People's remaining contention is without merit.

Consequently, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the defendant's application for resentencing. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.