People v Pitts (2022 NY Slip Op 03599)

People v Pitts

2022 NY Slip Op 03599

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

204 KA 20-01305

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN PITTS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS MANNING LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered September 29, 2020. The judgment convicted defendant upon his plea of guilty of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law
§ 160.05). Contrary to defendant's contention, County Court properly denied his motion to dismiss the indictment on speedy trial grounds (see generally CPL 30.30). Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cooper, 90 NY2d 292, 294 [1997]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992]). Here, the People announced readiness for trial within 174 days of the commencement of the action. Thus, absent any period of postreadiness delay chargeable to the People, the People were ready for trial within the statutory period (see CPL 30.30 [1] [a]). Although defendant contends that the People should be charged with a period of postreadiness delay for failing to turn over the grand jury minutes within a reasonable amount of time, we reject that contention. "[W]here the People make no objection to the branch of [a defendant's] CPL 210.30 motion seeking inspection of the [g]rand [j]ury minutes, the People's obligation to produce the [g]rand [j]ury minutes within a reasonable time begins to run from the date the defendant's CPL 210.30 motion . . . is made" (People v Harris, 82 NY2d 409, 413 [1993]). If the People fail to produce the grand jury minutes in a reasonable time, the period of delay beyond what is reasonable is chargeable to the People (see id. at 413-414; People v McKenna, 76 NY2d 59, 66 [1990]; People v Lawrence, 222 AD2d 279, 279 [1st Dept 1995], lv denied 88 NY2d 881 [1996]; see also People v Johnson, 42 AD3d 753, 754 [3d Dept 2007], lv denied 9 NY3d 923 [2007]). Here, the People responded to defendant's omnibus motion, wherein defendant sought, inter alia, inspection of the grand jury minutes and dismissal of the indictment pursuant to CPL 210.30, within 21 days of the date that he filed and served that motion and, in their response papers, the People noted that they had requested a copy of the grand jury minutes and that they would provide the minutes to the court once the minutes were available. The record reflects that the court was in receipt of the grand jury minutes within 46 days of defendant's filing and service of the omnibus motion. Under these circumstances, we conclude that the People provided the grand jury minutes to the court in a reasonable amount of time (see People v Barnes, 160 AD3d 890, 890 [2d Dept 2018], lv denied 31 NY3d 1145 [2018]; People v Van Deusen, 228 AD2d 987, 989 [3d Dept 1996]; see also People v Harris, 187 AD2d [*2]1015, 1015-1016 [4th Dept 1992], affd 82 NY2d 409 [1993]), and thus that the court properly excluded that time period from the speedy trial calculation (see People v Edmead, 197 AD3d 937, 939-940 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1160 [2022]; see also People v Rouse, 47 AD3d 537, 538 [1st Dept 2008], revd on other grounds 12 NY3d 728 [2009]).
Defendant's contention regarding the People's alleged delay in filing a certificate of compliance in accordance with CPL 245.50 is unpreserved (see CPL 470.05 [2]; People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Dudley, 28 AD3d 1182, 1183 [4th Dept 2006], lv denied 7 NY3d 788 [2006]). Further, even assuming, arguendo, that defendant correctly contends that a seven-day period was chargeable to the People due to their delay in filing the certificate of compliance, the inclusion of that time would not have exceeded the statutory period in this case (see CPL 30.30 [1] [a]). Thus, contrary to defendant's further contention, "defense counsel was not ineffective in failing to move to dismiss on that ground" (Valentin, 183 AD3d at 1272; see People v Brunner, 16 NY3d 820, 821 [2011]; People v Robinson, 176 AD3d 533, 533 [1st Dept 2019], lv denied 34 NY3d 1132 [2020]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court